# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBYN J. COHEN MCCARTHY, <br> Appellant, | DOCKET NUMBER <br> AT-0752-18-0742-I-1 |
| v. | |
| DEPARTMENT OF HEALTH AND <br> HUMAN SERVICES, <br> Agency. | DATE: June 27, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Randy A. Fleischer, Esquire, Plantation, Florida, for the appellant.

Robert L. Thomas, Esquire, Atlanta, Georgia, for the agency.

Laura VanderLaan, Esquire, Kansas City, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons set forth below, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant filed a petition for review with the Board on July 24, 2019, but did not reference the docket number for her case.  Petition for review (PFR) File, Tab 1.  That same day, the Clerk of the Board attempted to contact the appellant by phone to clarify the intent of her submission and to determine whether the appellant intended her filing as a petition for review of the administrative judge's November 16, 2018 initial decision in this appeal. PFR File, Tab 2 at 1 n.1.  The appellant contacted the Clerk's office on July 26, 2019, and confirmed that she intended her filing as a petition for review of the initial decision in this appeal.  *Id*.  On July 30, 2019, the Clerk of the Board issued an acknowledgment letter informing the appellant that her petition for review was untimely and that she must submit a "Motion to Accept Filing as Timely or to Waive Time Limit" either by an affidavit or a statement signed under penalty of perjury.  *Id*. at 2-3.  A blank sample motion was attached to the acknowledgment letter.  *Id*. at 6-8.  The acknowledgment letter further stated that the appellant's motion must be submitted on or before August 13, 2019.  *Id*. at 2. The acknowledgment letter informed the appellant that she must show good cause for the Board to waive her untimeliness, and instructed her on how to do so.  *Id*. at 2, 7.  The appellant has not filed a motion to accept her untimely petition for review or to waive the time limit.

The Board's regulations provide that a petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the party shows she received the initial decision more than 5 days after it was issued, within 30 days of her receipt of the decision.  5 C.F.R. § 1201.114(e).  The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the untimely filing.  *Palermo v. Department of the Navy*,

120 M.S.P.R. 694, ¶ 4 (2014); 5 C.F.R. § 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and the party's showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition. *Id*.

As noted in the petition for review acknowledgement letter, the finality date of the initial decision was December 21, 2018, so the appellant's petition for review would have been due that day, at the latest. 5 C.F.R. § 1201.114(e); *see* Initial Appeal File, Tab 50, Initial Decision at 6; PFR File, Tab 2 at 2. Therefore, the appellant's July 24, 2019 petition for review was filed 214 days after the filing deadline. The Board has regularly held that such a delay is not minimal. *See Wright v. Department of the Treasury*, 113 M.S.P.R. 124, ¶ 8 (2010) (concluding that an 11-day delay is not minimal); *Scott v. Social Security Administration*, 110 M.S.P.R. 92, ¶¶ 8, 10 (2008) (finding no good cause for an unexplained 11-day delay); *Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶¶ 8, 10 (2004) (declining to excuse a pro se appellant's 14-day, unexplained delay in filing a petition for review); *Crozier v. Department of Transportation*, 93 M.S.P.R. 438, ¶ 7 (2003) (noting that a 13-day delay in filing is not minimal). Additionally, despite being afforded the opportunity to do so, the appellant has not offered any explanation for her delay in filing.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness

of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's constructive suspension appeal.[2]

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[2] In her petition for review, the appellant references a purported whistleblower reprisal claim and refers to an Office of Special Counsel (OSC) complaint file number. PFR File, Tab 1 at 2, 5. The appellant's reprisal for whistleblowing claim may fall under the purview of OSC to investigate, and the appellant may have the right to file an individual right of action (IRA) appeal with the Board after exhausting her administrative remedies before OSC. In this Final Order, the Board makes no determination regarding the jurisdiction or the merits concerning any potential IRA appeal.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of all available review options. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx


FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.